## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 333 MAL 2015 |
| | : | |
| Respondent | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 1248 |
| | : | MDA 2014 exited March 31, 2015, |
| | : | **affirming** the Judgment of Sentence of |
| MICHAEL LEE BOURGEOIS, | : | the Lancaster County Court of Common |
| | : | Pleas at Nos. CP-36-CR-0004224-2001 |
| Petitioner | : | and CP-36-CR-0004975-2001 exited |
| | : | July 7, 2014 |

## ORDER

**PER CURIAM**                                         DECIDED: February 24, 2016

**AND NOW**, this 24th day of February, 2016, the Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States, *see Montgomery v. Louisiana*, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with *Montgomery*.

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Mr. Justice Eakin did not participate in the consideration or decision of this matter.